IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| VIKING INS. CO. OF WISCONSIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 12-6899 |
| | : | |
| DANIEL RIVAS, a/k/a DANIEL RIVAS-MOLINA, *et al.*, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM

YOHN, J.                                                                                                                                        May 1, 2013

## I.     Background

Plaintiff, Viking Insurance Company of Wisconsin ("Viking"), brings this declaratory judgment action against numerous individuals and corporations. Plaintiff alleges that on June 15, 2011, defendant Elisaul Cabrerra Miranda was operating Daniel Rivas-Molina's vehicle, when the automobile was involved in a single vehicle accident. (Compl. ¶¶ 29, 31.) Viking had previously issued an automobile insurance policy to Rivas-Molina for the vehicle. All of the listed individual defendants were occupants of the vehicle except for the owner, Rivas-Molina. (*Id.* ¶30.) Many of the individual defendants have claimed injuries, and Angel Ortiz, a passenger in the automobile, has filed suit in the Philadelphia County Court of Common Pleas, alleging that another passenger, Cabrerra Miranda, and Rivas-Molina were negligent, which caused his injuries. (*Id.* ¶ 33.) Plaintiff believes that Rivas-Molina misrepresented facts in order to get an automobile insurance policy from plaintiff. (*Id.* ¶ 36.) It also alleges an exception in the policy excludes coverage. (*Id.* ¶ 46.) Thus, plaintiff believes that Rivas-Molina's policy with plaintiff

does not cover the June 15, 2011 accident. (*Id.* ¶ 46.) Accordingly, plaintiff requests a declaration that it does not owe coverage, defense, or indemnification to any of the defendants listed in this case arising from the June 15, 2011 accident.

## II.     Legal Analysis

Currently before the court is plaintiff's motion for service by publication pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rule 430 of the Pennsylvania Rules of Civil Procedure. Under Rule 4(e)(1) of the Federal Rules of Civil Procedure a party may be served by following state law of the state in which the district court sits. Because the District Court for the Eastern District of Pennsylvania sits in Pennsylvania, plaintiff may effect service according to Pennsylvania law. Pennsylvania Rule 430(a) states:

> If service cannot be made under the applicable rule[,] the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a).

Alternative methods of service, however, are an "option of last resort." *Grove v. Guilfoyle*, 222 F.R.D. 255, 256 (E.D. Pa. 2004). Thus, in order to show that alternative service is necessary

> [t]here are three steps a party wishing to obtain leave for alternative service of process must take under the Pa. R. Civ. P. 430. First, the person must show a good faith effort to locate the person on which service is to be made. Second, plaintiff must undertake practical efforts to serve defendant under the circumstances. If the plaintiff has satisfied these first two steps, she must then show that the proposed alternative method of service is reasonably calculated to provide the defendant with notice of the proceedings against him.

*Calabro v. Leiner*, 464 F. Supp. 2d 470, 470-71 (E.D. Pa. 2006).

In this case, plaintiff is requesting alternative service by publication for the sixteen defendants that it has been unable to serve. Plaintiff alleges that it learned of addresses for each of the sixteen defendants by looking to the underlying lawsuit filed by Angel Ortiz in the Philadelphia County Court of Common Pleas. (Pl.'s Mot. for Service by Publication ("Pl.'s Mot.") ¶ 14.) For two of the defendants–Julio Santiago and John Ortiz–plaintiff alleges that it was unable to find a valid address. (*Id.* ¶¶ 16, 17.) The process server tried to serve both Santiago and Ortiz at the addresses listed in the underlying lawsuit; however, the addresses did not exist. (*Id.*) Additionally, counsel utilized a subscription-based web search service to try to locate another address for Santiago and Ortiz, but none was found. (*Id.*)

Regarding the good faith effort requirement, "good faith efforts might include, among other things, inquiries of relatives, friends, neighbors. . . and examinations of voter registration records, local tax records, and motor vehicle records." *Accu–Tech Corp. v. Network Techs. Group, Inc.*, No. Civ.A. 05–1973, 2005 WL 1459543, at *1 (E.D. Pa. June 17, 2005) (citing Pa. R. Civ. P. 430(a), note). Here, plaintiff has tried to locate Santiago and Ortiz by looking at the addresses given on the underlying lawsuit and by using a subscription based web service. Plaintiff has not, however, utilized such options as examining voter registration records, tax records, or motor vehicle records.[1] Thus, as service by publication is a last resort, I am not

---

[1] Plaintiff also alleges that it "made several attempts to serve multiple [d]efendants by contacting their attorneys from the underlying lawsuit, but these attorneys either did not return the telephone calls . . . or declined to accept service."(Pl.'s Mot. ¶ 15.) Plaintiff, however, does not allege which defendants it tried to serve using this method. Thus, I cannot use plaintiff's general assertion that its representative spoke with some of defendants' attorneys to determine if plaintiff's efforts to locate and serve each individual defendant qualify for alternative service for that defendant. Additionally, plaintiff alleges that "most of the [d]efendants were illegal immigrants that did not have permanent addresses." (*Id.* ¶ 14.) However, in its motion, plaintiff does not state the basis for that belief, and it does not remove the plaintiff's obligation to try to

3

convinced that plaintiff has made sufficient inquiries to locate Santiago and Ortiz to forgo personal service of process. *See e.g., Accu–Tech Corp.,* 2005 WL 1459543, at *2 (denying plaintiff's request for service by publication because plaintiff did not examine voter registration records, tax records, or motor vehicle records to try to locate defendant, and instead only spoke with relatives of the defendant, and utilized directory assistance and internet searches). Accordingly, I will deny plaintiff's motion as to Santiago and Ortiz without prejudice.[2]

For the other fourteen defendants that plaintiff has been unable to serve, including Daniel Rivas a/k/a Daniel Rivas Molina, Kho Hok, Luis Arroyo, Guillermo Meneses, Miguel Fernandez, Juan Arroyo, Kunzi Efendy, Eagle Staffing Agency, Castillo Santos, Carlos Apardiso, Fernando Ruiz, O'Bryan Delgado, Elisaul Cabrerra Miranda, and Jose Alemon, plaintiff alleges that it has an address for each defendant but that it is still unable to effectuate service. For defendant Hok, plaintiff learned of his address through the underlying lawsuit. (Pl.'s Mot. ¶ 18.) When plaintiff tried to serve Hok, the process server discovered that the address given did not exist. (*Id.*) Subsequently, counsel utilized a subscription-based web search service and located another address for Hok using this service. (*Id.*) The process server attempted service once at the address provided by the web search service, but was not able to locate anyone at the address. (*Id.*) Accordingly, he affixed the summons and complaint to the main entrance of the residence. (*Id.*)

Plaintiff tried to serve the remaining thirteen defendants by using the address for each defendant given in the underlying lawsuit. For these thirteen defendants, a process server

---

locate defendants using the methods detailed by the note to Rule 430(a).

[2] Because plaintiff has not shown that it has made a good faith effort to locate Santiago or Ortiz, I decline to address whether plaintiff's proposed service by publication is reasonably calculated to provide the defendants with notice of the proceedings against them.

4

attempted service once at each defendant's address, either on January 21, 2013, or January 22, 2013. When he was not able to locate anyone upon knocking, he affixed the summons and the complaint to the front door of the address.[3] (*Id.* ¶¶ 19- 31.)

> Regarding the "practical efforts to serve" requirement:
>
> Courts in this district have found a plaintiff's efforts to be sufficient when he or she has made six attempts at service, . . . or repeated attempts . . . including a stake out . . . . On the other hand, courts have found efforts to be insufficient where three attempts were made with two falling on the same day of the week and two occurring at the same time of day . . . or when two attempts were made on consecutive days of the week with the first being made to a vacant office.

*Olympic Steel, Inc. v. Pan Metal & Processing*, LLC, 11-CV-06938, 2011 WL 6739447 at *3 (E.D. Pa. Dec. 21, 2011) (citing *Banegas v. Hampton*, Civil Action No. 08-5348, 2009 WL 1140268 at *2 (E.D. Pa. Apr. 27, 2009)). Thus, because plaintiff has only attempted service for each of the fourteen defendants one time, plaintiff has clearly not satisfied the "practical efforts to serve" requirement.[4] *See, e.g, Banegas*, 2009 WL 1140268 at *2 ("To claim that the single service attempt under these circumstances satisfies the practical efforts standard requires a substantial reinterpretation of the standard itself.") Accordingly, I will deny plaintiff's motion as

---

[3] For defendants Arroyo and Meneses, the underlying lawsuit listed two addresses. Consequently, plaintiff tried to serve Arroyo and Meneses at both addresses; when no one answered the door at either address, the process server affixed the summons and complaint at the front door of each address. After plaintiff failed to serve these thirteen defendants at the addresses given in the underlying lawsuit, plaintiff utilized a subscription-based web search service to try to find an alternate address for the defendants. The service did not have any additional addresses listed for any of the thirteen defendants.

[4] Because plaintiff has not satisfied the "practical efforts to serve" requirement for the fourteen defendants listed above, I decline to address whether plaintiff's proposed service by publication is reasonably calculated to provide the defendants with notice of the proceedings against them.

to the fourteen defendants listed above without prejudice.[5]

## III. Conclusion

For the reasons explained above, I will deny plaintiff's motion for service by publication without prejudice. An appropriate order follows.

---

[5] Even if plaintiff could show that another attempt at service would be futile because defendants' addresses are likely to be incorrect, its motion would still be denied. Although the listed addresses for the defendants may be incorrect, plaintiff has not shown a good faith effort to locate any other addresses for them. As explained above, only utilizing a subscription-based web search service does not satisfy the "good faith effort to locate" requirement, because plaintiff has not tried the other methods detailed in the note to Rule 430(a).